**FILED**
**Mar 18 2008**
**04:34 PM**
**US Bankruptcy Court**
**Western District Of Oklahoma**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:  MONTE SHARP, )<br><br>Debtor. ) | Case No.  06-12762-BH<br>(Chapter 11) |

TOMMY WELCH,                                    )
                                               )
                    Plaintiff,                 )
                                               )
v.                                             )          Adv. Pro.  08-1014-BH
                                               )
GARY L. MORRISSEY, Chapter 11 Trustee,         )
IRSIK & DOLL FEED SERVICES, INC.,              )
TRI-STATE FEEDERS, INC.,                       )
ACB BANK, MACKEY LIVESTOCK, INC.,              )
SCHWERTNER FARMS, INC.,                        )
DEAN GOLL, ANN GOLL, JIM LESLIE                )
JOE BLACK, JASON WATKINS,                      )
JACK BLAIR, ROGER WADE BORDERS,                )
S. L. WALLACE, STAN WALLACE,                   )
DEBBIE RINEHART, and DAVID MASK,               )
                                               )
                    Defendants.                )

### DEFENDANT SCHWERTNER FARMS, INC.'S ANSWER TO PLAINTIFF'S
### AMENDED COMPLAINT TO DETERMINE ALLOWANCE OF SECURED CLAIM
### AND PRIORITIES, AND COUNTERCLAIMS AND CROSS-CLAIMS

Defendant, Schwertner Farms, Inc., d/b/a Capital Land and Livestock ("Schwertner"), for its

answer to the *Complaint to Determine Allowance of Secured Claim and Priorities* filed February 14,

2008, and *Amended Complaint to Determine Allowance of Secured Claim and Priorities* filed

February 18, 2008 (collectively, the "Complaint"), filed by Plaintiff, Tommy Welch ("Welch"),

generally and specifically denies all statements and allegations of the Complaint, except those

expressly and specifically admitted herein, and for further answer, states:

1.      Schwertner admits paragraph 1 of the Complaint.

2.      Schwertner admits paragraph 2 of the Complaint.

3.      Schwertner lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3 of the Complaint and, therefore, denies the same.

4.      Schwertner admits paragraph 4 of the Complaint, except that Schwertner does not admit or concede, and denies, the validity, priority, and extent of any and all liens or other interests in the cattle, the proceeds from the sale of the cattle ("Cattle Proceeds"), and the following described property and any other rights of any party therein claimed by Welch or any other Defendants. For further answer hereto, Schwertner states that Defendant, Gary L. Morrissey, Chapter 11 Trustee ("Trustee"), is holding the Cattle Proceeds and is also holding the proceeds from the sale of the following described real property:

> The South Half of the Northeast Quarter (S/2 NE/4) and the Southeast Quarter (SE/4) of Section Three (3), Township Twenty-Five (25) North, Range Fourteen (14) W.I.M., Woods County, Oklahoma.

("Real Property"). The parties hereto, including Defendants, ACB Bank, Mackey Livestock, Inc., Dean Goll, and Ann Goll, may be or are asserting some right, title, lien, claims, or interest in and to the Real Property and its proceeds or other rights therefrom. For further answer, Schwertner states that the validity, priority, and extent of any and all liens or other interests in the cattle, Cattle Proceeds, the Real Estate, and the proceeds from the Real Estate and any other rights of all interested parties should be determined.

5.      Schwertner lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5 of the Complaint and, therefore, denies the same.

6.      Schwertner denies paragraph 6 of the Complaint.

7.      Schwertner lacks knowledge or information sufficient to form a belief about the truth

of the allegations of paragraph 7 of the Complaint and, therefore, denies the same.

8.    Schwertner lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8 of the Complaint and, therefore, denies the same.

## ANSWER TO COUNT I - ALLOWANCE OF CLAIM

Schwertner adopts the allegations and statements made in paragraphs 1 through 8 above, and for further answer, states:

9.    In regard to paragraph 9 of the Complaint, Schwertner only admits that Welch filed a Proof of Claim, but Schwertner does not admit or concede, and denies, the meaning or effect (legal or otherwise), if any, of Welch's Proof of Claim, the remainder of the allegations of paragraph 9 of the Complaint, and that Welch is secured or that Welch has a secured claim.

10.    In regard to paragraph 10 of the Complaint, Schwertner only admits that Welch filed a Proof of Claim, but Schwertner denies the allegations of paragraph 10 of the Complaint.

11.    Schwertner objects to Welch's claim and denies the allegations of paragraph 11 of the Complaint.

## ANSWER TO COUNT II - DETERMINATION OF CLAIM AS SECURED

Schwertner adopts the allegations and statements made in paragraphs 1 through 11 above, and for further answer, states:

12.    Schwertner denies the allegations of paragraph 12 of the Complaint.

13.    Schwertner denies the allegations of paragraph 13 of the Complaint.

14.    Schwertner denies the allegations of paragraph 14 of the Complaint.

15.    Schwertner denies the allegations of paragraph 15 of the Complaint.

## ANSWER TO COUNT III - DETERMINATION OF PRIORITIES OF CLAIMS

Schwertner adopts the allegations and statements made in paragraphs 1 through 15 above, and for further answer, states:

16.     Schwertner admits that it claims and holds a perfected security interest in the cattle and Cattle Proceeds, and that the validity, priority, and extent of any and all liens or other interests in the cattle, Cattle Proceeds, the Real Estate, and the proceeds from the Real Estate and any other rights of all interested parties should be determined, but denies the remainder of the allegations of paragraph 16 of the Complaint.

17.     Schwertner admits that it claims and holds a perfected security interest in the cattle and Cattle Proceeds, and that the validity, priority, and extent of any and all liens or other interests in the cattle, Cattle Proceeds, the Real Estate, and the proceeds from the Real Estate and any other rights of all interested parties should be determined, but denies the remainder of the allegations of paragraph 17 of the Complaint.

18.     Schwertner admits that it claims and holds a perfected security interest in the cattle and Cattle Proceeds, and that the validity, priority, and extent of any and all liens or other interests in the cattle, Cattle Proceeds, the Real Estate, and the proceeds from the Real Estate and any other rights of all interested parties should be determined, but denies the remainder of the allegations of paragraph 18 of the Complaint.

## AFFIRMATIVE DEFENSES

A.     Failure to state a claim upon which relief can be granted;

B.     Setoff;

C.     Counterclaim;

D.  Welch does not hold a secured claim in the cattle and/or the Cattle Proceeds;

E.  Schwertner claims and holds a valid perfected security interest and lien in the cattle and Cattle Proceeds, and Schwertner's secured claim is prior and superior to whatever claim Welch has alleged or may hold, if any;

F.  Subordination and/or Equitable Subordination;

G.  Violation of the Food Security Act, 7 U.S.C. §§ 1631, *et seq.*

H.  Marshaling;

I.  No statement or allegation in this *Defendant Schwertner Farms, Inc.'s Answer to Plaintiff's Amended Complaint to Determine Allowance of Secured Claim and Priorities, and Counterclaims and Cross-Claims* is a concession or admission of the validity, priority, and extent of any liens or other interests in the cattle, Cattle Proceeds, the Real Estate, and the proceeds from the sale of the Real Estate, and any other rights arising therefrom or otherwise claimed by Welch or any and all other Defendants or any other interested parties, all of which should be determined by the Court as an actual controversy now exists concerning the same.

J.  General Denial.

Schwertner does not waive or in any manner relinquish, and hereby expressly and specifically reserves, all defenses and objections stated in and permitted under Fed.R.Bankr.P., Rule 7012, incorporating Fed.R.Civ.P., Rule 12("Rule 12"). Schwertner reserves the right to assert all defenses and objections stated in and permitted under Rule 12 and all defenses and/or claims, however denominated, based on any existing or further claims or defenses asserted or as shown by any facts and evidence.

WHEREFORE, having answered Welch's Complaint, Schwertner prays that the claims of

and the relief requested by Welch be denied, that judgment be granted in favor of Schwertner, and

for such other and further relief as this Court deems just and equitable.

## DEFENDANT SCHWERTNER FARMS, INC.'S COUNTERCLAIMS AND CROSS-CLAIMS

Schwertner, for his counterclaim against Welch and cross-claim against Defendants Gary L.

Morrissey, Chapter 11 Trustee, Irsik & Doll Feed Services, Inc., Tri-State Feeders, Inc., ACB Bank,

Mackey Livestock, Inc., Dean Goll, Ann Goll, Jim Leslie, Joe Black, Jason Watkins, Jack Blair,

Roger Wade Borders, S. L. Wallace, Stan Wallace, Debbie Rinehart, and David Mask states:

1.      Schwertner adopts the denials, allegations, and statements made in paragraphs 1

through 18 above, and states:

2.      On October 20, 2006 (the "Petition Date"), Monte Sharp (the "Debtor") filed a

voluntary petition (the "Petition"), commencing the above-captioned Chapter 11 case, and this

adversary proceeding and Schwertner's claims, however defined or denominated, are brought in

connection therewith.

3.      The jurisdiction of this Court is founded upon 28 U.S.C. §§ 151, 157, 1334, 2201,

and 2202;  11 U.S.C. §§ 502, 506, and 1111;  and Fed.R.Bankr.P., Rule 7001(1), (2), and (8).

4.      This is a core proceeding 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

5.      Schwertner is a secured creditor of the Debtor, having filed its Proof of Claim on

December 29, 2006, and an Amended Proof of Claim on August 31, 2007, which are adopted and

incorporated by reference, holding a duly perfected secured claim in cattle and the Cattle Proceeds

in the amount of $803,481.70.

6.      Welch and Defendants, Irsik & Doll Feed Services, Inc., Tri-State Feeders, Inc., ACB

Bank, Mackey Livestock, Inc., Dean Goll, Ann Goll, Jim Leslie, Joe Black, Jason Watkins, Jack

Blair, Roger Wade Borders, S. L. Wallace, Stan Wallace, Debbie Rinehart, and David Mask have filed Proofs of Claim claiming a security interest or lien in cattle and the Cattle Proceeds. Additionally, by virtue of their Proofs of Claims, Defendants, ACB Bank, Mackey Livestock, Inc., Dean Goll, and Ann Goll, are also claiming a mortgage interest or lien in the Real Estate and the proceeds from the sale thereof.

7.      An actual controversy now exists by and between Welch and all Defendants concerning the validity, priority, and extent of any and all liens or other interests in the cattle, Cattle Proceeds, the Real Estate, and the proceeds from the sale of the Real Estate and any other rights of all interested parties arising therefrom or in relation thereto or otherwise

8.      Schwertner is a secured creditor whose security interests or liens are directly at stake as a result of the filing of the Proofs of Claim by Defendants, Irsik & Doll Feed Services, Inc., Joe Black, Jason Watkins, Jack Blair, Roger Wade Borders, S. L. Wallace, Stan Wallace, Debbie Rinehart, and David Mask. By virtue of Schwertner's cross-claims, Schwertner is objecting to the purported secured status of the claims of Defendants, Irsik & Doll Feed Services, Inc., Joe Black, Jason Watkins, Jack Blair, Roger Wade Borders, S. L. Wallace, Stan Wallace, Debbie Rinehart, and David Mask.

9.      Defendant, Irsik & Doll Feed Services, Inc.("Irsik"), filed a Proof of Claim on February 13, 2007, claiming a secured claim in cattle and the Cattle Proceeds in the amount of $96,491.61. Irsik's claim is wholly unsecured or unperfected. The documents attached to Irsik's Proof of Claim do not constitute, create or give rise to a perfected security interest or lien in cattle, the Cattle Proceeds or any other property, or a document of perfection, such as a financing statement.

10.     Defendant, Joe Black ("Black"), filed a Proof of Claim on August 30, 2007, claiming

a secured claim in cattle and the Cattle Proceeds in the amount of $518,055.50. Black's claim is wholly unsecured. The documents attached to Black's Proof of Claim do not constitute, create or give rise to a security interest or lien in cattle, the Cattle Proceeds or any other property, or a document of perfection, such as a financing statement.

11.     Defendant, Jason Watkins ("Watkins"), filed a Proof of Claim on August 30, 2007, claiming a secured claim in cattle and the Cattle Proceeds in the amount of $161,397.20. Watkins' claim is wholly unsecured. The documents attached to Watkins' Proof of Claim do not constitute, create or give rise to a security interest or lien in cattle, the Cattle Proceeds or any other property, or a document of perfection, such as a financing statement.

12.     Defendant, Jack Blair ("Blair"), filed a Proof of Claim on August 30, 2007, claiming a secured claim in cattle and the Cattle Proceeds in the amount of $379,430.16. Blair's claim is wholly unsecured. The documents attached to Blair's Proof of Claim do not constitute, create or give rise to a security interest or lien in cattle, the Cattle Proceeds or any other property, or a document of perfection, such as a financing statement.

13.     Defendant, Roger Wade Borders ("Borders"), filed a Proof of Claim on August 30, 2007, claiming a secured claim in cattle and the Cattle Proceeds in the amount of $214,278.00. Borders' claim is wholly unsecured. The documents attached to Border's Proof of Claim do not constitute, create or give rise to a security interest or lien in cattle, the Cattle Proceeds or any other property, or a document of perfection, such as a financing statement.

14.     Defendant, S. L. Wallace, filed a Proof of Claim on August 30, 2007, claiming a secured claim in cattle and the Cattle Proceeds in the amount of $107,320.76. S. L. Wallace's claim is wholly unsecured. The documents attached to S. L. Wallace's Proof of Claim do not constitute,

create or give rise to a security interest or lien in cattle, the Cattle Proceeds or any other property, or a document of perfection, such as a financing statement.

15.    Defendant, Stan Wallace, filed a Proof of Claim on August 30, 2007, claiming a secured claim in cattle and the Cattle Proceeds in the amount of $160,813.58. Stan Wallace's claim is wholly unsecured. The documents attached to Stan Wallace's Proof of Claim do not constitute, create or give rise to a security interest or lien in cattle, the Cattle Proceeds or any other property, or a document of perfection, such as a financing statement.

16.    Defendant, Debbie Rinehart ("Rinehart"), filed a Proof of Claim on August 30, 2007, claiming a secured claim in cattle and the Cattle Proceeds in the amount of $171,277.56. Rinehart's claim is wholly unsecured. The documents attached to Rinehart's Proof of Claim do not constitute, create or give rise to a security interest or lien in cattle, the Cattle Proceeds or any other property, or a document of perfection, such as a financing statement.

17.    Defendant, David Mask ("Mask"), filed a Proof of Claim on August 30, 2007, claiming a secured claim in cattle and the Cattle Proceeds in the amount of $107,292.36. Mask's claim is wholly unsecured. The documents attached to Mask's Proof of Claim do not constitute, create or give rise to a security interest or lien in cattle, the Cattle Proceeds or any other property, or a document of perfection, such as a financing statement.

18.    Defendant Gary L. Morrissey, Chapter 11 Trustee, has no right, title, lien, claim or interests in the cattle, Cattle Proceeds, the Real Estate, and the proceeds from the sale of the Real Estate, in whole or in part, due to the perfected secured claim of Schwertner in the cattle and Cattle Proceeds and the alleged secured claims of Welch and all other Defendants to the extent they are herein determined to be valid, perfected secured liens in and to the cattle, Cattle Proceeds, the Real

Page 9 of 12

Estate, and the proceeds from the sale of the Real Estate.

19.     Defendants, Tri-State Feeders, Inc., ACB Bank, Mackey Livestock, Inc., Dean Goll, and Ann Goll, may be or are claiming some right, title, lien, estate, encumbrance, claim, assessment or interest, either in law or in equity, in and to the cattle and Cattle Proceeds; that any right, title, lien, estate, encumbrance, claim, assessment or interest, either in law or in equity, of these Defendants, if any, is or may be subject to, subordinate, junior, and inferior to the Schwertner's security interest or liens in the cattle and Cattle Proceeds. Defendants, Tri-State Feeders, Inc., ACB Bank, Mackey Livestock, Inc., Dean Goll, and Ann Goll, should appear herein in order that this Court may determine the validity, priority, extent, and amount of any right, title, lien, estate, encumbrance, claim, assessment or interest, either in law or in equity, of their purported claims, if any, or be forever barred from claiming any right in and to in the cattle and Cattle Proceeds.

20.     The validity, priority, and extent of any and all liens or other interests in the cattle, Cattle Proceeds, the Real Estate, and the proceeds from the sale of the Real Estate, and any other rights of all interested parties arising therefrom or in relation thereto or otherwise should be determined as an actual controversy now exists between Welch and Defendants concerning the same.

21.     That any property and the proceeds from any property determined to be the subject of a valid security interest or lien and in the hands of the Trustee, including the cattle, Cattle Proceeds, the Real Estate, and the proceeds from the sale of the Real Estate, should be ordered disbursed to the proper interested parties in accordance with said determination.

22.     Schwertner expressly and specifically reserves the right to state an objection to the Proofs of Claim of Defendants, Tri-State Feeders, Inc., ACB Bank, Mackey Livestock, Inc., Dean Goll, and Ann Goll, and the fact that a specific objection to any one of these Proofs of Claim is not

specifically stated herein is not an admission or concession of the validity of any such Proof of Claim and validity, priority, and extent of these Defendants' purported claims or any other rights, if any, of these Defendants.

WHEREFORE, Schwertner prays that this Court determine and declare that it has a valid perfected security interest in and to the cattle and Cattle Proceeds; the validity, priority, and extent of any and all liens or other interests in the cattle, Cattle Proceeds, the Real Estate, and the proceeds from the Real Estate and any other rights of all interested parties arising therefrom or in relation thereto or otherwise; that the purported security interests or liens of Defendants, Irsik & Doll Feed Services, Inc., Joe Black, Jason Watkins, Jack Blair, Roger Wade Borders, S. L. Wallace, Stan Wallace, Debbie Rinehart, and David Mask in the cattle, Cattle Proceeds or any other property to be null and void and that said claims be classified as a wholly unsecured claim; that any property and the proceeds from any property determined to be the subject of a valid perfected security interest or lien and in the hands of the Trustee, including the cattle, Cattle Proceeds, the Real Estate, and the proceeds from the sale of the Real Estate, be ordered disbursed in accordance with this Court's determination and declaration; and for such other and further relief as this Court deems just and equitable.

Respectfully Submitted,

s/ Clay P. Booth
Timothy D. Kline, OBA #5077
Clay P. Booth, OBA #11767
- for the firm -
Lien Claimed                    KLINE, KLINE, ELLIOTT & BRYANT, P.C.
720 NE 63rd Street
Oklahoma City, Oklahoma 73105-6405
Telephone: (405) 848-4448
Facsimile: (405) 842-4539
Attorneys for Defendant, Schwertner Farms, Inc.,
d/b/a Capital Land and Livestock

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of March, 2008, a true and correct copy of the above and foregoing *Defendant Schwertner Farms, Inc.'s Answer to Plaintiff's Amended Complaint to Determine Allowance of Secured Claim and Priorities, and Counterclaims and Cross-Claims* was served via Electronic Notification to Registered Participants as set forth in the Notice of Electronic Filing and via regular, first class United States mail, postage fully prepaid, to all parties on the service list attached as Attachment "1" to the original hereof filed with this Court, which attachment is available on request from the undersigned counsel.

s/ Clay P. Booth

*In re: Sharp,* W.D. OK, Case No. 06-12762-BH

*Welch v. Morrissey, et al.,* W.D. OK, Adv. No. 08-1014-BH

6223.1

Page 12 of 12

## ATTACHMENT "1"

Brendon S. Atkinson, OBA #19396
GUNGOLL, JACKSON, COLLINS, BOX &
    DEVOLL, P.C.
323 West Broadway Avenue
P.O. Box 1549
Enid, OK 73702-1549
Telephone: (580) 234-0436
Facsimile: (580) 233-1284
Attorneys for Plaintiff, Tommy Welch

Gary L. Morrissey, Esq.
1725 Linwood Boulevard
Oklahoma City, OK 73106
Telephone: (405) 272-1500
Facsimile: (405) 272-3090
Attorney for Defendant, Gary L. Morrissey,
Chapter 11 Trustee

J. David Ezzell, OBA #10798
ELLIOTT, ENABNIT, NEWBY, EZZELL,
    & OVERSTREET, P.L.L.C.
P.O. Box 5589
Enid, OK 73702-5589
Telephone: (580) 233-9390
Facsimile: (580) 233-1441
Attorneys for Defendant, ACB Bank

Gary A. Bryant, OBA#1263
Sara A. Hall, OBA #13692
MOCK, SCHWABE, WALDO, ELDER,
    REEVES & BRYANT, P.L.L.C.
Fourteenth Floor
Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-1110
Facsimile: (405) 235-0333
Attorneys for Defendants, Mackey
Livestock, Inc., Dean Goll, and Ann Goll

Tri-State Feeders, Inc.
c/o Walt Olson
P.O. Box 7
Turpin, OK 73950
*Pro Se* Defendant

Joe Black
8592 E. 148th Rd.
Stuart, OK 74570
*Pro Se* Defendant

Jason Watkins
P.O. Box 3531
Sherman, TX 75091
*Pro Se* Defendant

Jack Blair
P.O. Box 148
Stonewall, OK 74871
*Pro Se* Defendant

Roger Wade Borders
4834 NS 373 Rd.
Allen, OK 74825
*Pro Se* Defendant

S. L. Wallace
Rt. 1 Box 376
Allen, OK 74825
*Pro Se* Defendant

Stan Wallace
P.O. Box 264
Allen, OK 74825
*Pro Se* Defendant

Jim Leslie
P.O. Box 6
Dacoma, OK 73731
*Pro Se* Defendant

Debbie Rinehart
P.O. Box 268
Allen, OK 74825
*Pro Se* Defendant

David Mask
P.O. Box 467
Allen, OK 74825
*Pro Se* Defendant